BEA, Circuit Judge,
concurring in part:
I concur with the majority opinion’s af-firmance of the district court. However, I write separately because I believe this court need not address the district court’s conclusion that the FAA preempts Ven-tress’s state law claims. The district court reached that conclusion in its order granting JAL’s motion for judgment on the pleadings. Ventress does not appeal that decision of the district court. Rather, according to Ventress’s Notice of Appeal, Ventress appeals only the district court’s decision denying his motion for reconsideration. I therefore join only Part II of the *724 majority’s opinion, which correctly rejects Ventress’s arguments that he made in his motion for reconsideration, for the “cardinal principle of judicial restraint” is that “if it is not necessary to decide more, it is necessary not to decide more.” PDK Labs. Inc. v. DEA 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in the judgment), cited in Morse v. Frederick, 551 U.S. 393, 431, 127 S.Ct. 2618, 168 L.Ed.2d 290 (2007) (Breyer, J., concurring in the judgment in part and dissenting in part), and Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1030 (9th Cir.2013) (Bea, J., concurring in part and dissenting in part).
I agree with the majority that this Court may consider Ventress’s arguments that he made in response to JAL’s motion for judgment on the pleadings if (1) Ventress’s intent to appeal the district court’s order granting JAL judgment on the pleadings can be “fairly inferred” from the arguments raised in his opening brief, and (2) if JAL would not be prejudiced. See Shapiro, 374 F.3d at 863; Maj. Op. at 720 n. 4. However, I do not believe that Ventress’s intent to appeal the district court’s order granting judgment on the pleadings can be “fairly inferred” from the arguments raised in Ventress’s opening brief. In the sections of Ventress’s informal opening brief entitled “4. State the claim or claims you raised at the originating court” and “5. What issues are you raising on appeal?”, Ventress failed to mention the arguments he made before the district court at the judgment on the pleadings stage. Instead, Ventress relied on arguments that he made in his motion for reconsideration relating to the more narrow issue of whether the FAA applies to “foreign carriers.” Although Ventress did discuss preemption more generally in his section entitled “7. What law supports these issues on appeal?”, Ventress did not reference the district court’s order granting JAL judgment on the pleadings, nor did Ventress. address the reasoning of that order. In particular, Ventress did not even mention the federal aviation regulations, upon which the district court’s judgment on the pleadings placed so much emphasis. As a result, I do not believe that it can be “fairly inferred” that Ventress intended to appeal the district court’s order granting judgment on the pleadings.
The American legal system is premised on the adversarial process. Courts “rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.” Greenlaw v. United States, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008). Here, a pro se individual filed an informal opening brief' which' addressed the narrow arguments that he made with respect to the district court’s denial of his motion for reconsideration but did not even discuss the complex issue of law addressed in the district court’s judgment on the pleadings. Such circumstances present a particularly poor vehicle to address that issue of law. Rather, we should await a properly presented and argued appeal before making a broad pronouncement on preemption.